

FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 18 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SCOTTSDALE INSURANCE
COMPANY,

Plaintiff-Appellant,

v.

HUDSON SPECIALTY INSURANCE
COMPANY,

Defendant-Appellee.

No.  17-15785

D.C. No. 4:15-cv-02896-HSG

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Argued and Submitted June 11, 2018
San Francisco, California

Before:  SCHROEDER, GOULD, and DIAZ,[**] Circuit Judges.

This appeal involves a dispute between two insurance companies concerning

coverage of an underlying lawsuit in which a parking garage patron was severely

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Albert Diaz, United States Circuit Judge for the U.S.
Court of Appeals for the Fourth Circuit, sitting by designation.

injured. Defendant-Appellee Hudson Specialty Insurance Company ("Hudson") insured the company that leased the parking garage on a primary level, and Plaintiff-Appellant Scottsdale Insurance Company ("Scottsdale") insured the same company on an excess level. This dispute centers upon whether the Hudson Policy coverage had a $1 million limitation on liability as stated in the policy or whether the Parking Operations Errors and Omissions Endorsement ("Endorsement") added an additional $1 million.

The District Court held that Coverage A of the Hudson Policy unambiguously incorporates the Endorsement. The court further held that the Endorsement is subject to Coverage A's $1 million limitation on liability for "each occurrence," and that Hudson's total liability for the occurrence involved in the underlying lawsuit is therefore limited to $1 million.

Scottsdale on appeal contends that the Endorsement created claims-made coverage that is separate from Coverage A's occurrence-based coverage. The Endorsement, however, explicitly states that it "amend[s]" Coverage A "to include" the Endorsement. As Coverage A is occurrence-based coverage, the Endorsement is likewise occurrence-based coverage that is subject to a $1 million limitation on liability. Moreover, the Hudson Policy, including the endorsements,

2

must be read as a whole.  *Adams v. Explorer Ins. Co.*, 132 Cal. Rptr. 2d 24, 33 (Ct. App. 2003).

Even if the Hudson Policy were ambiguous, however, Scottsdale's argument would nevertheless fail.  Although the declarations page of the Hudson Policy states that the Endorsement covers "each claim" and that Coverage A covers "each occurrence," when the policy, including the endorsements, conflicts with the declarations page, the policy language controls.  *See Hervey v. Mercury Cas. Co.*, 110 Cal. Rptr. 3d 890, 898 (Ct. App. 2010) ("[A]ny ambiguity in the [d]eclaration 'is resolved by' the terms of the policy." (quoting *United Servs. Auto. Ass'n v. Baggett*, 258 Cal. Rptr. 52, 59 (Ct. App. 1989))).  The language of the Endorsement and Coverage A resolve any ambiguity in the declarations page.

**AFFIRMED**.